UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRONSON VAUGHN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-284-DRL-MGG |
| EVAN WRIGHT *et al.*, | |
| Defendants. | |

OPINION & ORDER

Bronson Vaughn, a prisoner without a lawyer, filed this lawsuit alleging a guard at the Miami Correctional Facility used excessive force against him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Vaughn alleges Officers Evan Wright and Juan Miguel used excessive force escorting him to his cell in restraints on May 6, 2019. He says an officer wrote a conduct report "which isn't completely accurate." ECF 9 at 2.

> I am also raising the fact that the conduct report is not accurate. (Exhibit A) states that I was punched in the face and elbowed (5x) to my upper back. I, the plaintiff Bronson Vaughn say that I have a issue with how I was injured. I was punched in my face several times. After the first punch, I block my head with my hands. Prison Guard Evan Wright punched me while I was balled up several more times. And my injuries was swelling to my face and a cut and bruising to my let brow area. I was hit more than was reported by Defendant Evan Wright.

ECF 9 at 3. Mr. Vaughn disputes how he was injured. Specifically he says he was struck several times in the face and that he was struck several times after he blocked his head and balled up. However, he

does not dispute that while his restraints were being removed, he grabbed them, took a boxer's stance, and approached the officer with the restraints in hand as a weapon. Neither does he dispute that he was standing holding a weapon every time Officer Wright struck him.

This description of events is consistent with the grievance attached to the complaint in which he says he was punched rather than maced or subjected to a TASER. Mr. Vaughn wrote, "On May 6th, 2019, I was struck by C/O Wright several times with a closed fist. I suffered a cut above my left eyebrow, and a swollen shut left eye. C/O Wright carries a taser and mace. He could have used, but didn't." ECF 9-1 at 9. Again, he doesn't dispute that he was standing holding a weapon every time Officer Wright struck him. His only dispute with the conduct report is that it he was punched in the face with a closed fist more times than documented. Here is how the conduct report described the event:

> On 5/6/2019 at approximately 5:00 P.M. I, Officer E. Wright escorted Offender Vaughn, Bronson DOC#197723, from RHU to AHU in restraints to AHU-417. Upon arrival to the unit I was assisted by Officer J. Miguel in escorting the rest of the way to his cell. Once inside the cell, I began removing the restraint from his left hand. Offender Vaughn then spun around, shoved me and pulled the restraints away from my hand. Offender Vaughn still had the restraints in his hand, then he took a boxers stance and came toward me. I delivered a closed fist strike to the face of Vaugh, making the offender lower his stance and bend at the waist. Vaughn was stunned still on his feet so, I delivered five elbow strikes to the upper back area of the offender while giving commands for him to get on the ground. Officer Miguel and I gained then control over his arms and secured him to the ground. I placed the restraint that I initially removed back on his left wrist and assisted holding Vaughn on the ground until the house was secured by QRT staff. Vaughn was then escorted to RHU by QRT staff without further incident.

ECF 9-1 at 1.

In determining whether the use of force is reasonable, particular deference is owed to correctional staff attempting to maintain or restore order in a correctional facility. *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986). As the United States Supreme Court has explained:

> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is

> peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice . . ..

*Id.* (internal quotation marks and citations omitted). Thus, in resolving an excessive force claim, "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Id.* at 322.

So too, unless a plaintiff has alleged facts from which the wanton infliction of pain can be plausibly inferred, he hasn't stated a claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Here, the facts alleged are that Mr. Vaughn charged Officer Wright while holding a weapon. Officer Wright then struck Mr. Vaughn and continued to strike him multiple times even after Mr. Vaughn covered his face and "balled up." However, because Mr. Vaughn was still standing and holding a weapon rather than complying with the order to get on the ground, it is not plausible to infer that the force used was excessive. *Cf. Scott v. Harris*, 550 U.S. 372, 386 (2007) ("police officer's attempt to terminate a [life-threatening encounter] does not violate the Fourth Amendment, even when it places the [attacker] at risk of serious injury or death"). So too here. Mr. Vaughn's allegations make clear that while Officer Wright was striking him, he was standing, holding a weapon, and posing an ongoing threat to Officer Wright. Once he got on the ground and was restrained, Officer Wright stopped. That Officer Wright punched Mr. Vaughn with a closed fist rather than using a TASER or mace, both likewise use of force options for law enforcement commensurate to the threat here, is a distinction without a difference. Mr. Vaughn had a weapon and posed a physical threat to Officer Wright. The officer was justified in using physical force to restore order and discipline. The complaint doesn't state a claim against Officer Wright.

Mr. Vaughn also alleges Officer Miguel should have intervened to stop Officer Wright. A prison official "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here, because the complaint does not plausibly allege that Officer Wright was using excessive force, it cannot state a claim for failure to intervene.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, the complaint is not technically defective. Nor is it merely factually insufficient in that it omits details or is vague. Rather, the uncontradicted facts presented by Mr.

4

Vaughn don't state a claim for excessive force. There are no facts he could plausibly add that would state a claim. Accordingly, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 18, 2020 *s/ Damon R. Leichty*
Judge, United States District Court